HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARCUS ZAMUDIO,

    Plaintiff,

    v.

STATE OF WASHINGTON,

    Defendant.

Case No. 2:12-cv-01031-RAJ

ORDER

## I. INTRODUCTION

This matter is before the Court on Petitioner's Motion for Reconsideration. Dkt. # 18. For the reasons below, the Motion is **DENIED**.

## II. BACKGROUND

Petitioner, proceeding *pro se* and *in forma pauperis*, filed three proposed petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkts. # 7, 9, 12. However, the Court declined to serve the petitions, and granted petitioner leave to amend, due to petitioner's failure to name the correct respondents. Dkts. # 8, 10, 13. In the last submission, Petitioner included only the first page of a second amended habeas petition improperly naming the "Attorney General of the United States" as respondent. Dkt. # 12. Petitioner's submission failed to include the rest of petitioner's habeas petition, such as

ORDER – 1

his claims for relief. *Id*. By Order dated September 12, 2012, the Court advised petitioner that he no longer needs to name a state officer having custody of petitioner as respondent, because petitioner had been released from custody since he initiated this action. Dkt. # 13 at 2.

Moreover, the Court advised petitioner that Rule 2(c) provides that the habeas petition must legibly set forth all the grounds for relief available to the petitioner, state the facts supporting each ground, state the requested relief, and be signed under penalty of perjury. *See id*. Petitioner was granted an additional thirty (30) days to submit a third amended habeas petition that corrected these deficiencies. *See id*. at 3. However, petitioner did not respond to the September 12, 2012 Order, and did not file a third amended habeas petition. The magistrate judge assigned to this case, the Honorable James P. Donohue, recommended dismissal without prejudice for failure to prosecute. By order dated November 28, 2012, the Court dismissed the action.

Over ten years later, petitioner filed this motion for reconsideration. Dkt. # 18. He states that he was removed to Mexico and thus was unable to stay abreast of these proceedings. *Id.* at 1. From what the Court can ascertain, petitioner is currently detained at the Nevada Detention Center, having been subject to a final order of removal. *Id*. at 4-5.

### III.  DISCUSSION

Pursuant to Local Civil Rule 7(h), motions for reconsideration are disfavored and will be denied absent a showing of manifest error or a showing of new facts or legal authority which could not have been presented earlier with reasonable diligence. Importantly, the motion must be filed within fourteen days after the order to which it relates is filed. LCR 7(h). Failure to comply with the fourteen-day deadline may be grounds for denial of the motion. *Id*.

The petitioner's Motion for Reconsideration fails for several reasons. First, the motion is untimely. The Court issued its order on November 28, 2012. Dkt. # 16. Any

ORDER – 2

motion for reconsideration was due fourteen days from that date. Second, the petitioner shows no error of law or fact underlying the Court's order.

To the extent that petitioner challenges his current detention in Nevada, such claims are not before this Court nor is it clear that a federal district court could hear such claims. *A. Singh v. Gonzales*, 499 F.3d 969, 977 (9th Cir. 2007) (explaining that the REAL ID Act "expressly eliminated habeas review over all final orders of removal"). Furthermore, the federal habeas statute expressly limits the power of district courts to grant habeas writs to "within their respective jurisdictions." 28 U.S.C. § 2241(a). "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004); *see also Lopez-Marroquin v. Barr*, 955 F.3d 759, 760 (9th Cir. 2020) (holding in context of challenge to immigration detention that "[t]he plain language of the habeas statute confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement").

## IV.  CONCLUSION

For the reasons stated above, the Motion for Reconsideration is **DENIED**. Dkt. # 18.  The petitioner's motion to serve is **DENIED** as moot. Dkt. # 19. The clerk is also directed to strike the petitioner's Motion for Reconsideration dated October 2, 2023 as duplicative of the current motion. Dkt. # 20.

DATED this 6th day of October, 2023.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3